IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

GREGORY ROCKY BALBOA,

           Plaintiff,

v.                                        CIVIL ACTION NO.  5:04-cv-00009

DIRECTOR HARVEY LAPPIN, et al.,

           Defendants.

**MEMORANDUM OPINION**

By Standing Order entered on May 20, 2002, and filed in this case on January 8, 2004, this action was referred to United States Magistrate Judge R. Clarke VanDervort for submission of proposed findings and a recommendation ["PF&R"].  Magistrate Judge VanDervort filed his PF&R on February 14, 2007 [Docket 75].  In that filing, the magistrate judge recommended that this Court: (1) grant Defendants' motions to dismiss [Dockets 56, 58 & 61]; (2) deny Plaintiff's motion to deny Defendants' motions to dismiss [Dockets 65 & 66]; and (3) remove this case from the Court's docket.

The Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed.  *Thomas v. Arn*, 474 U.S. 140, 150 (1985).  In addition, this Court need not conduct a *de novo* review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations."  *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).  Here, objections to

Magistrate Judge VanDervort's PF&R were due by March 5, 2007, pursuant to 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b). Plaintiff timely filed objections to the PF&R on that date [Docket 77].

## I.  BACKGROUND

The full factual and procedural history of this action is set forth in the PF&R. During the periods pertinent to this action, Plaintiff was a prisoner in confinement at the Bureau of Prisons' FCI Beckley facility. In short, Plaintiff brings the instant action pursuant to the United States Constitution and 42 U.S.C. § 1983 based on his prison conditions and for denial of access to the prison's law library. Such claims are cognizable, however, only after a prisoner exhausts administrative remedies. 42 U.S.C. § 1997e(a).

The Bureau of Prisons ("BOP") has established a system of administrative remedies through which federal inmates are given the opportunity to resolve grievances. 28 C.F.R. §§ 542.10 *et seq*. Such procedures include a request for informal resolution, formal request for remedy, appeal to the BOP Regional Director, and appeal to the BOP Central Office. 28 C.F.R. §§ 542.13, 542.14 & 542.15. After reviewing the record, Magistrate Judge VanDervort concluded that Plaintiff did not exhaust his administrative remedies prior to filing the instant action, as required by 42 U.S.C. § 1997e(a).[*]

## II.  OBJECTIONS TO PF&R

In his objections, Plaintiff does not dispute the Magistrate Judge's conclusion that he failed to exhaust his administrative remedies. Instead, Plaintiff alleges that Defendants denied his attempts

---

[*] Magistrate Judge VanDervort also recommended that certain defendants be dismissed based on lack of personal jurisdiction and qualified immunity. The Court need not reach these grounds for dismissal for the reasons stated below.

to exhaust his administrative remedies. (Plaintiff's Objections at 2, 3 & 13.) Plaintiff does not, however, support this general allegation with any specific facts regarding how the prison prevented him from exhausting his administrative remedies.

In contrast to Plaintiff's objection, the record indicates that the prison afforded him ample opportunities to exhaust his administrative remedies. The Declaration of Sharon Wahl submitted in support of Defendants' Motion to Dismiss [Docket 64] demonstrates that Plaintiff began the process of exhausting his administrative remedies for his claims, but did not fully exhaust those remedies. Therefore, the Court **FINDS** Plaintiff's unsupported assertion that Defendants denied his attempts to exhaust his remedies incredible and **OVERRULES** his objection.

Plaintiff also discusses at some length in his objections that he did not consent to Magistrate Judge VanDervort deciding this case pursuant to 28 U.S.C. § 636(c)(1). The Court notes that Magistrate Judge VanDervort did not enter judgment in this case by the filing of his PF&R, but rather, that this matter is being decided by the undersigned District Court Judge.

Finally, Plaintiff makes various factual assertions in support of his objections that do not relate to the proposed finding regarding his failure to exhaust administrative remedies. To the extent that these factual assertions can be construed as objections, they are **OVERRULED**.

### III. CONCLUSION

Based on the above, the Court (1) **GRANTS** Defendants' motions to dismiss [Dockets 56, 58 & 61]; (2) **DENIES** Plaintiff's motion to deny Defendants' motions to dismiss [Dockets 65 & 66]; and (3) **DISMISSES** this case from the Court's docket. A Judgment Order will be entered this day implementing the rulings contained herein.

ENTER: March 14, 2007

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE